Dear Mr. Lorio:
This office is in receipt of your request for an opinion of the Attorney General in regard to R.S. 33:4570.11 enacted pursuant to Act No. 1431 to create a recreation and parks commission in parishes with not less than thirty-nine thousand three hundred persons and not more than forty-one thousand five hundred persons. The governing authority of St. John Parish, which falls within the parishes proscribed by the statute, questions the validity of the statute in light of its Home Rule Charter, and maintains the creation of such a department is within the exclusive authority of the parish's governing authority, and such a department has, in fact, previously been created by the Parish.
The Act in its title provides as follows:
 To enact R.S. 33:4570.11 to create a recreation and park commission in certain parishes; to provide for the composition, operation, powers, and duties of such commission which powers shall include, subject to voter approval, the incurance of debt and the levy of ad valorem taxes; to provide for a recreation director, who shall be an employee of the board, and his duties and responsibilities; and to provide for related matters.
This office has recognized that the concept behind the home rule form of government is to give home rule governments some degree of independence from the state legislature in designing its form of government and to prevent undue legislative interference in matters strictly local in nature. Under La. Const. Art. 6, Sec.6, the legislature is prohibited from enacting any law that effects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision under a home rule charter. The Court noted in City of New Orleans V. Board of Com'rs,640 So.2d 237 (La. 1994), that "the drafters and ratifiers of the 1974 Louisiana Constitution adopted more stringent formsof home rule safeguards", and found these provisions grant broad powers of immunity from control by the state legislature to those with Home Rule Charters when exercising their legislative powers consistent with that of the constitution except when denied by general law if adopted after 1974.
In this regard this office stated that the 1974 Constitution grants to post-1974 home rule charter governments immunity from state legislative control when exercising within their boundaries legislative powers consistent with the 1974 Constitution that "are not denied by general law." This reasoning must be applied in the instant case inasmuch as your Home Rule Charter was approved in 1980.
"General law" is defined in Art. VI, Sec. 44(5) as follows:
 "General law" means a law of statewide concern enacted by the legislature which is uniformly applicable to all persons or to all political subdivisions in the state or which is uniformly applicable to all persons or to all political subdivisions within the same class.
The courts have recognized a general law may not prevail in all localities but can be limited to a particular locality if the limitation results from a "reasonable classification" such as population. The statute in question applies to any parish with a population of not less than thirty-nine thousand three hundred person and not more than forty-one thousand five hundred person as of the most recent federal decennial census. A study of the population of the parishes of this state in the 1990 census discloses the only parish falling within these limits is St John the Baptist Parish.
Accordingly, we would not classify this as a general law and insofar as R.S. 33:4570.11 differs from the recreation department created by the Parish under its authority from the Home Rule Charter, it is inapplicable to St. John the Baptist Parish. As stated in Atty. Gen. Op. No. 90-607(A), "For the legislature to attempt to authorize a Home Rule government to exercise powers only in a certain manner would violate Article VI, Section 6's prohibition against interference with the structure and organization of the local government."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: August 18, 1997 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General